IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| MEDFORD LLC, | Case No. 1:24-cv-02021-CL |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| U.S. BANK, N.A. and NATHAN F. SMITH, | |
| Defendants. | |

MCSHANE, Judge:

Plaintiff Medford LLC moves for a Temporary Restraining Order ("TRO") to prevent "imminent eviction" while Plaintiff seeks to void foreclosure and quiet title to real property in Medford, Oregon. Mot. TRO 2, ECF No. 22; Mem. Mot. TRO 1, ECF 22-1.

Because Plaintiff fails to establish likelihood of success on the merits, its Emergency Motion for Temporary Restraining Order, ECF No. 22, is **DENIED**.

## BACKGROUND

In April of 2007, Thomas and Montalee Owens executed a promissory note and Trust Deed to receive a loan from Washington Mutual Bank, FA, which encumbered the real property at issue.[1] Larsen Decl. Exs. A–B, ECF No. 24.[2] The Owens defaulted on their loan in 2010. *Id.* at Ex. F 8.

---

[1] 3547 Roxy Ann Heights Dr., Medford, OR 97504.
[2] Defendant asks the Court to take judicial notice of publicly recorded documents related to the subject property and certain bankruptcy records. Def. Opp. Mot. TRO 3 n.1; *see also* Fed. R. Evid. 201(b); *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). However, "the rules of evidence do not apply strictly to preliminary injunction proceedings." *Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1250 n.5 (9th Cir. 2013). Sitting in equity, this Court considers the entire record in evaluating Plaintiff's Motion. *See Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009) (holding that the district court did not abuse its discretion in relying on exhibits, affidavits,

After they defaulted, the Owens quit claimed the property to Big Blue Capital Partners LLC ("Big Blue") in 2011. *Id.* at Ex. G. In short order, Big Blue executed a quitclaim deed to its member Jerry Reeves. *Id.* at Ex. H. Finally, in 2017, Mr. Reeves executed a "Bargain and Sale Deed" of the property to Medford LLC, the instant Plaintiff. *Id.* at Ex. I.

Meanwhile, the loan was conveyed to Defendant U.S. Bank NA, Successor Trustee, reflected by an Assignment recorded on September 14, 2015. Larsen Decl. Exs. E, F 1. In July of 2024, nine years after the Assignment was recorded and nearly fourteen years after the Owens defaulted, the Trustee Corps recorded a Notice of Default and Election to Sell. *Id.* at Ex. F. Big Blue, Jerry Reeves, and Medford LLC received notice of the default and sale. *Id.* at 3–4.

Nearly two weeks before the Trustee Sale, Plaintiff filed this action challenging both the Notice of Sale and the impending sale itself. Compl., ECF No. 1-1. Plaintiff sought to invalidate the foreclosure and quiet title to the property, but did not move for an injunction. *Id.* The sale proceeded on November 22, 2024 and the Trust purchased the property. *Id.* at Ex. J. Ultimately, the Court dismissed Plaintiff's Complaint without prejudice because Mr. Reeves was representing Medford LLC *pro se* and Oregon law requires business entities to be represented by licensed attorneys. Order, ECF No. 12. After multiple extensions of time to obtain counsel, Plaintiff secured licensed representation and filed a First Amended Complaint. *See* ECF Nos. 16–21.

This brings the Court to Plaintiff's Motion for a TRO. On October 28, 2025, a Notice of Restitution was posted at the property on behalf of Defendants. Reeves Decl. ¶ 4, ECF No. 21-1. The Notice stated that Plaintiff and any other occupants must vacate the property by midnight on November 4, 2025. *Id*. at ¶ 5; *see also* Residential Eviction Gen. J., ECF No. 21-2. Plaintiff asks this Court to enjoin eviction and preserve the status quo—Plaintiff's occupation of the property—

---

declarations, and factual allegations submitted by all parties when granting a preliminary injunction).

until "the validity of the foreclosure and the parties' respective rights can be adjudicated." Reeves Decl. ¶ 20.

## LEGAL STANDARD

Injunctive relief is an "extraordinary remedy never awarded as of right." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008)). "To warrant injunctive relief, Plaintiffs must establish [1] that they are 'likely to succeed on the merits,' [2] that they are 'likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in [their] favor, and [4] that an injunction is in the public interest.'" *LA All. for Hum. Rts. v. Cnty. of L.A.*, 14 F.4th 947, 956 (9th Cir. 2021) (quoting *Winter*, 555 U.S. at 20) . Plaintiffs must satisfy *Winter's* four-factor test to obtain a TRO as well as other forms of injunctive relief. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (because the court's analysis is "substantially identical for the injunction and the TRO," it does not address the TRO separately).

## DISCUSSION

### I. Plaintiff cannot show likelihood of success on the merits

Plaintiff cannot show a likelihood of success on the merits. Because Plaintiff lacks standing to challenge the non-judicial foreclosure, Plaintiff is not likely to reach the merits stage, let alone succeed.

Plaintiff lacks standing because his claims allege violations of someone else's rights. Plaintiff is not a party to the promissory note or the Trust Deed. *See* First Am. Compl. ¶¶ 10–16. Plaintiff Medford LLC purchased the subject property from its member Jerry Reeves through a Bargain and Sale Deed in 2017. Larsen Decl. Ex. I. At that point, the property was already encumbered by the first-priority lien created by the Trust Deed in 2007. *Id.* at Ex. F. Plaintiff argues that "the trustee's sale was conducted without a lawful beneficiary and is void or voidable

under the Oregon Trust Deed Act." First. Am. Compl. ¶ 19. Yet Plaintiff does not allege that Medford LLC assumed the Owens' payment obligations under the promissory note. This poses a familiar problem for Plaintiff.

Plaintiff has filed several actions in this District based on nearly identical facts.[3] In each case, as here, a third party took out a loan for real property and subsequently defaulted. *See, e.g., Big Blue IV*, 2012 WL 2367434, at *1; *RenX Grp., LLC*, 2015 WL 6445044, at *2. Sometime after, Plaintiff purchased the property via a quitclaim or "Bargain and Sale Deed." *Id.* In each case, the Trustee issued a Notice of Default and Election to Sell. *See, e.g., Big Blue I*, 2012 WL 1605784, at *1. In these prior actions, Plaintiff sought to challenge the validity of the non-judicial foreclosure sale, but was not involved in the lending process and was not obligated to pay on the loan. *See, e.g., Big Blue III*, 2012 WL 2049455, at *2.

None of these prior suits bore fruit. *Big Blue I*, *Big Blue II*, and *Big Blue III* were dismissed for lack of standing. *RenX Grp., LLC*, 2015 WL 6445044, at *3. Unlike the first three, *Big Blue IV* was dismissed for failure to state a claim. *Id.* After the *Big Blue* line of cases was a bust, Big Blue changed its name to RenX Group, LLC. *Id.* Then, *RenX Grp., LLC* was also dismissed for lack of standing. *Id.* at *4. Plaintiff did not have standing because it "knowingly purchased the property after the [borrower] materially defaulted on the Note . . . ." *Big Blue I*, 2012 WL 1605784, at *5. "As such, plaintiff did not suffer an injury that was fairly traceable to defendants' challenged actions." *Big Blue III*, 2012 WL 2049455, at *2 (quoting *Big Blue I*, 2012 WL 1605784, at *5).

The instant case is a progeny of *Big Blue I* et al. Plaintiff brings claims resting on nearly

---

[3] *See Big Blue Cap. Partners, LLC v. ReconTrust Co., N.A.*, No. 6:11-cv-06368-AA, 2012 WL 1605784, at *1 (D. Or. May 4, 2012) ("*Big Blue I*"); *Big Blue Cap. Partners, LLC v. ReconTrust Co., N.A.*, No. 6:11-cv-1412-TC, 2012 WL 1870752, at *1 (D. Or. May 21, 2012) ("*Big Blue II*"); *Big Blue Cap. Partners, LLC v. ReconTrust Co., N.A.*, No. 3:12-cv-00448-AA, 2012 WL 2049455, at *1 (D. Or. Jun. 4, 2012) ("*Big Blue III*"); *Big Blue Cap. Partners, LLC v. ReconTrust Co., N.A.*, No. 3:12-cv-00292-MO, 2012 WL 2367434 (D. Or. Jun. 20, 2012) ("*Big Blue IV*"); *RenX Grp., LLC v. U.S. Bank as Successor Tr. to Bank of Am., NA*¸ No. 3:15-cv-01187-PK, 2015 WL 6445044, at *1 (D. Or. Oct. 23, 2015).

identical arguments as those asserted in its predecessors. And like those cases, Plaintiff lacks standing here to bring a claim on behalf of a third party. It is immaterial whether the outcome of the Trustee Sale negatively affects Plaintiff. *See United States v. Pavner*, 447 U.S. 727, 731–32 (1980) (holding that defendant lacked standing to challenge the seizure of documents that belonged to a third party even when those documents exposed defendant to criminal liability). Plaintiff was never obligated to pay on the promissory note. Plaintiff's Complaint thus "asserts the rights of a third party, as [D]efendants' allegedly wrongful non-judicial foreclosure proceedings infringed only upon the [Owens'] interests." *RenX Grp., LLC*, 2015 WL 6445044, at *4 (quoting *Big Blue I*, 2012 WL 1605784, at *6)); *see also Martin v. Cal. Dep't of Veterans Affs.*, 560 F.3d 1042, 1050 (9th Cir. 2009) (holding that a party generally does not have standing to bring a claim asserting a violation of someone else's rights). And like *RenX Grp., LLC*, Plaintiff's injury is traceable to its "own actions in knowingly purchasing property that secured a loan in material default." *RenX Grp., LLC*, at *5; *see also Big Blue I*, 2012 WL 1605784, at *6 ("The fact that plaintiff interjected itself into defendants' non-judicial foreclosure, via a real estate purchase contract, in order to profit from the [third party's] unfortunate circumstances cannot remedy" lack of prudential standing.).

**II.     Assuming *arguendo* that Plaintiff has standing, Plaintiff cannot collaterally attack the validity of the foreclosure sale**

Even if Plaintiff had standing, Oregon law prohibits a party with notice of a non-judicial foreclosure sale from collaterally attacking the sale after it has been completed. *See Espiriquetzal v. Quality Loan Serv. Corp. of Wash.*, No. 3-18-cv-00157-YY, 2018 WL 2988513, at *1, 2 (D. Or. Apr. 19, 2018) (stating that ORS § 86.797(1) prohibits a borrower who has received notice of a non-judicial foreclosure sale from collaterally attacking the sale once it has been completed) (citing *DiGregorio v. Bayview Loan Servicing, LLC*, 381 P.3d 961, 966—67 (Or. Ct. App. 2016) (rejecting a borrower's challenge to a non-judicial foreclosure sale after it had been completed)).

Plaintiff does not argue that the sale was deficient for lack of notice. *See* First Am. Compl. Nor does Plaintiff argue that it did not receive notice of the sale. *Id.* Moreover, Big Blue, Jerry Reeves, and Medford LLC are on the service list for the Trustee's Notice of Sale. Larsen Decl. Ex. F 9–10. Plaintiff's claims seeking to unwind the Trustee Sale are likely to fail as a matter of law. Beyond fatal infirmities in standing, Plaintiff has not shown a whisper, let alone a likelihood, of success on the actual merits. The Court does not evaluate *Winter's* remaining factors.

## CONCLUSION

The Court acknowledges Plaintiff's indefatigable efforts to obtain equitable and legal relief time and time again in nearly identical circumstances. And like those before, this Court does not credit such attempts. Because Plaintiff clearly fails to meet the requirements for injunctive relief, its motion, ECF No. 22, is **DENIED**.

IT IS SO ORDERED.

DATED this 22nd day of December 2025.

                                                                           s/Michael J. McShane
                                                                              Michael McShane
                                                         United States District Judge