IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MEDFORD, LLC | Case No. 1:24-CV-02021-CL |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| U.S. BANK, N.A. and NATHAN F. SMITH, | |
| Defendants. | |

MCSHANE, Judge:

Plaintiff Medford, LLC moves for relief from this Court's order denying Plaintiff's Emergency Motion for Temporary Restraining Order ("TRO"). Mot. Relief 2, ECF No. 32. Plaintiff is not entitled to this extraordinary remedy. This Court did not err in its previous order; Plaintiff lacks both prudential and Article III standing, which might prevent the Court from reaching the merits stage. Because Plaintiff does not demonstrate extraordinary circumstances warranting relief under Fed. R. Civ. P. 60(b), Plaintiff's Motion for Relief, ECF No. 32, is **DENIED**.

## BACKGROUND

This matter concerns real property in Medford, Oregon. Larsen Decl. Ex. A, ECF No. 24. In 2007, Thomas and Montalee Owens executed a promissory note and trust deed to receive a loan from Washington Mutual Bank, FA. *Id.* Exs. A–B. The trust deed encumbered the property at issue. *Id.* In 2010, the Owens defaulted on the loan. *Id.* Ex. F, at 8. In 2011, the Owens executed a quitclaim deed, conveying the property to Big Blue Capital Partners, LLC ("Big Blue"). *Id.* Ex. G,

1 – Opinion and Order

at 1. Big Blue subsequently quitclaimed the property to its member Jerry Reeves, who then executed a "Bargain and Sale Deed" to Plaintiff Medford, LLC. *Id.* Exs. H–I.

In 2015, the loan was conveyed to Defendant and successor Trustee U.S. Bank, N.A. Larsen Decl. Exs. E–F. Years later, in July of 2024, the Trustee Corps recorded the assignment and a Notice of Default and Election to Sell. *Id.* Ex. F. Plaintiff received notice of the default and impending sale. *Id.* 3–4. The Trust purchased the property at the November 2024 Trustee Sale. *Id.* Ex. J.

On October 28, 2025, a Notice of Restitution was posted at on the property behalf of Defendants. Reeves Decl., at ¶ 4, ECF No. 21–1. The Notice stated that Plaintiff and any other occupants must vacate the property by midnight on November 4, 2025. *Id.* ¶ 5. In response, in November of 2025, Plaintiff filed its Motion for Temporary Restraining Order and Order to Show Cause. Mot. TRO, ECF. No. 22. Plaintiff requested the Court stay Plaintiff's eviction and permit Plaintiff's ongoing occupation of the property. Mot. TRO 2; Mem. Mot. TRO 1, ECF 22–1. This Court denied Plaintiff's motion. Op. & Order, ECF No. 29 (Dec. 22, 2025).

This brings the Court to Plaintiff's instant Motion seeking relief from the Court's denial of the TRO under Fed. R. Civ. P. 60(b)(1) and 60(b)(6). Mot. Relief 1. Plaintiff does not contest this Court's prior determination that Plaintiff lacks standing to bring his claims. *Id.* 3 Plaintiff instead "seeks narrow procedural clarification based on a material misapprehension" of Plaintiff's injuries. *Id.* 2. Plaintiff re-alleges loss of property, disruption of business operations, and harm to "corporate assets" as irreparable injuries meriting injunctive relief. *Id.* 3.

## LEGAL STANDARD

A motion for reconsideration under Fed R. Civ. P. 60(b) is an "'extraordinary remedy' . . . 'not [to] be granted, absent highly unusual circumstances.'" *Novalpina Cap. Partners*

*I GP S.A.R.L. v. Read*, 149 F.4th 1092, 1104 (9th Cir. 2025) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)). Fed. R. Civ. P. 60(b)(1) allows courts to relieve litigants from a final order in the event of "mistake, inadvertence, surprise, or excusable neglect." Fed R. Civ. P. 60(b)(1). To succeed on a Rule 60(b)(1) motion, a "plaintiff must show that the district court committed a specific error." *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989). Alternatively, Rule 60(b)(6) allows courts to grant reconsideration of a final order for "any other reason that justifies relief." Fed R. Civ. P. 60(b)(6).

## DISCUSSION

**I.     Reconsideration is unavailable under Rule 60(b)(1) because Plaintiff has failed to establish that the Court has committed a specific error.**

As an initial matter, the Court only considers Plaintiff's Motion under Fed. R. Civ. P. 60(b)(1). The Court generously construes Plaintiff's Motion as alleging a judicial error of law or fact such that it falls within the purview of Rule 60(b)(1). Accordingly, Plaintiff is not entitled to relief under Rule 60(b)(6). *Kemp v. United States*, 596 U.S. 528, 533 (2022) (clarifying that Rule 60(b)(6) is only available "when Rules 60(b)(1) through (b)(5) are inapplicable.").

Plaintiff is also not entitled to relief from this Court's Order denying Plaintiff's TRO Motion under Rule 60(b)(1). Plaintiff must establish that this Court "committed a specific error." *Straw*, 866 F.2d at 1172. Yet Plaintiff does not even allege a particular mistake on the part of the Court. Plaintiff's Motion "is not a request to relitigate the merits of the foreclosure, re-argue standing generally, or seek a renewed TRO." Mot. Relief 2. Rather, Plaintiff asks the Court to reevaluate standing considering "Plaintiff's separately briefed theory of direct, independent injury to Medford LLC" arising from the disputed foreclosure sale. *Id.* In so doing, Plaintiff re-alleges injuries "already before the Court in Plaintiff's opposition briefing." *Id.* Plaintiff offers no basis for relief from this Court's Order under Fed R. Civ. P. 60(b)(1).

**CONCLUSION**

Plaintiff fails to establish the extraordinary circumstances required to warrant relief from this Court's previous Order. Plaintiff's Motion for Relief, ECF No. 32, is **DENIED**.

IT IS SO ORDERED.

DATED this 10th day of February 2026.

                                                                                             s/Michael J. McShane
                                                                                              Michael McShane
                                                                    United States District Judge