IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| MEDFORD, LLC, | Case No. 1:24-cv-02021-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| U.S. BANK, N.A. and NATHAN F. SMITH, | |
| Defendants. | |

MCSHANE, Judge:

Defendants U.S. Bank, N.A. and Nathan F. Smith move to dismiss Plaintiff's First Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Mot. Dismiss 1, ECF No. 25. Because Plaintiff lacks both Article III and prudential standing, Defendants' Motion to Dismiss, ECF No. 25, is **GRANTED**.

## BACKGROUND

In 2007, Thomas and Montalee Owens executed a promissory note and trust deed to receive a loan from Washington Mutual Bank, FA. The loan encumbered the property at issue. Larsen Decl. Exs. A–B, ECF No. 24. In 2010, the Owens defaulted on the loan. *Id.* Ex. F, at 8. In 2011, the Owens executed a quitclaim deed, conveying the property to Big Blue Capital Partners, LLC ("Big Blue"). *Id.* Ex. G, at 1. Big Blue subsequently quitclaimed the property to its member Jerry Reeves, who then executed a "Bargain and Sale Deed" to Plaintiff Medford, LLC. *Id.* Exs. H–I. Neither Big Blue, Mr. Reeves, nor Plaintiff assumed responsibility for the Owens' mortgage. First

1 – Opinion and Order

Am. Compl. ¶¶ 10–16, ECF No. 21.

In 2015, the loan was conveyed to Defendant and Successor Trustee U.S. Bank, N.A. Larsen Decl. Exs. E–F. In July of 2024, the U.S. Bank recorded the assignment and a Notice of Default and Election to Sell. *Id.* Ex. F. Plaintiff received notice of the default and impending sale, executed by Defendant Smith, as did Plaintiff's prior corporations and its sole member, Mr. Reeves. *Id.* Ex. F, at 3–5. U.S. Bank purchased the property at the November 2024 Trustee Sale, which was facilitated by Defendant Smith. *Id.* Ex. J.

On October 28, 2025, a Notice of Restitution was posted at the property on behalf of Defendants. Reeves Decl. ¶ 4, ECF No. 21-1. The Notice stated that Plaintiff and any other occupants must vacate the property by midnight on November 4, 2025. *Id.* ¶ 5. Shortly after, Plaintiff filed the instant matter against Defendants U.S. Bank, N.A. and Nathan F. Smith. Notice Removal Ex. A, at 1–2, ECF No. 1.

Plaintiff alleges six claims for relief centering around the alleged wrongful foreclosure and sale of the property. First Am. Compl. ¶¶ 33–59. Defendant U.S. Bank, N.A. removed and then moved to dismiss for want of subject matter jurisdiction and failure to state a claim. Notice Removal 1; Mot. Dismiss 1, 8, 11. Defendant Nathan F. Smith joins in U.S. Bank, N.A.'s Motion. Notice Joinder 1, ECF No. 34.

## **LEGAL STANDARD**

A federal court lacking subject matter jurisdiction must dismiss the complaint in its entirety. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Subject matter jurisdiction may never be waived. *Id.* Standing—whether a plaintiff is the proper party to bring the matter to court—is necessary for subject matter jurisdiction. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121–22 (9th Cir. 2010).

Article III standing consists of, at an "irreducible constitutional minimum," injury, traceability, and redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Even with Article III standing, however, a plaintiff's action may be dismissed without prudential standing. *Or. Advoc. Ctr. v. Mink*, 322 F.3d 1101, 1108 (9th Cir. 2003) (reiterating litigants must raise their own rights, not those of another). Article III and prudential standing ensure that plaintiffs have "such a personal stake in the outcome" to "assure that concrete adverseness" sufficiently elucidates the issues. *Id.* at 1109 (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)).

In evaluating a challenge to subject matter jurisdiction, a court may consider any evidence pertaining to jurisdiction that is "'properly before the court,'" including affidavits. *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) (quoting *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir.1989)).

## DISCUSSION

### I. Plaintiff fails to demonstrate traceability and thus lacks Article III standing.

This matter does not fall within this Court's subject matter jurisdiction. Plaintiff lacks Article III standing because Plaintiff cannot show a plausible causal connection between its alleged injuries and Defendants' conduct. As such, Plaintiff suffers a fatal infirmity in traceability. "An injury is 'fairly traceable' where there is a causal connection between the injury and the defendant's challenged conduct." *Wit v. United Behav. Health*, 79 F.4th 1068, 1083 (9th Cir. 2023) (quoting *Lujan*, 504 U.S. at 560). If Plaintiff is the architect of his own injuries, he cannot establish traceability. *Pennsylvania v. New Jersey*, 426 U.S. 660, 664 (1976) (stating a plaintiff "can[not] be heard to complain about damage inflicted by its own hand.").

Plaintiff alleges "direct injury" arising from the Trustee sale and "Defendants' statutory noncompliance." Pl.'s Resp. Def.'s Mot. Dismiss 3, ECF No. 33. At the time Plaintiff purchased

the property via quitclaim deed, however, the Owens' mortgage had been in default for a year. First Am. Compl. Ex. 4, at 2, ECF No. 21-4; Larsen Decl. Ex. G. When Defendants finalized non-judicial foreclosure, the loan had been in default for thirteen years. Larsen Decl. Ex. J. Plaintiff does not dispute that it purchased the property subject to all existing liens and without assuming the burden of the defaulted loan. *See* First Am. Compl.; Pl.'s Resp. Def.'s Mot. Dismiss 3. Accordingly, Plaintiff's alleged injuries are not fairly traceable to Defendants' actions. Plaintiff's injuries stem from its purchase of the property at issue for pennies on the dollar after the Owens—the borrowers—materially defaulted on the note. *See* Larsen Decl. Ex. G.

The Court cannot help but note that the controversy at hand is one in a series of kindred cases filed by Plaintiff in this District. In the instant matter, as in each prior case, Plaintiff obtains property encumbered by a defaulted mortgage but does not assume responsibility for the defaulted mortgage itself.[1] Later, when lenders seeks to finalize nonjudicial foreclosure proceedings and sell the property, Plaintiff challenges the validity of the foreclosure.[2] Each prior case was dismissed for lack of standing.[3] Here, Plaintiff has again created self-inflicted injury by buying encumbered real property without assuming the encumbrance itself. Thus, any alleged harm to Plaintiff's corporate interests are still traceable only to Plaintiff's own hand.

## II. <u>Since Plaintiff asserts the rights of a third party, Plaintiff lacks prudential standing</u>.

---

[1] *Big Blue Cap. Partners, LLC v. Recontrust Co., N.A.*, No. 6:11-CV-06368-AA, 2012 WL 1605784, at *1, *6 (D. Or. May 4, 2012) ("Big Blue I"); *Big Blue Cap. Partners, LLC v. Recontrust Co., N.A.*, No. 6:11-CV-1412-TC, 2012 WL 1870752, at *1,*3 (D. Or. May 21, 2012) ("Big Blue II"); *Big Blue Capital v. ReconTrust Co., N.A.*, No. 3:12-cv-00448-AA, 2012 WL 2049455, at *2 (D. Or. Jun. 4, 2012) ("Big Blue III"); *RenX Grp., LLC v. U.S. Bank as Successor Tr. to Bank of Am., NA*, No. 3:15-CV-01187-PK, 2015 WL 6445044, at *2 (D. Or. Oct. 23, 2015) ("RenX").
[2] *Big Blue I*, 2012 WL 1605784, at *1–*2; *Big Blue II*, 2012 WL 1870752, at *2; *Big Blue III*, 2012 WL 2049455, at *2; *RenX*, 2015 WL 6445044, at *2.
[3] *Big Blue I*, 2012 WL 1605784, at *5; *Big Blue II*, 2012 WL 1870752, at *3; *Big Blue III*, 2012 WL 2049455, at *2; *RenX*, 2015 WL 6445044, at *5.

Even if Plaintiff could establish Article III standing, its claims would fail for lack of prudential standing. Plaintiff "'cannot rest his claim to relief on the legal rights or interests of third parties.'" *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 474 (1982) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

In this matter, Plaintiff asserts the rights of third parties, the Owens, who materially defaulted on the loan. Larsen Decl. Ex. F. Plaintiff purchased the property subject to all existing encumbrances and did not assume responsibility for the Owens' defaulted mortgage. *See* First Am. Compl.; Larsen Decl. Ex. G. Therefore, the allegedly wrongful non-judicial foreclosure, as an instrument of debt collection, "infringed only upon the [Owens'] interests." *RenX Grp., LLC*, 2015 WL 6445044, at *4 (quoting *Big Blue I*, 2012 WL 160578784, at *6). "The focus of third-party standing analysis is not who suffers the injury, but rather, whose rights give rise to the cause of action." *Id.; see also United States v. Payner*, 447 U.S. 727, 731–32 (1980) (holding defendant lacked standing to challenge the seizure of documents that exposed him to criminal liability because the allegedly wrongful conduct infringed only on the privacy rights of a third-party).

## CONCLUSION

Without standing, this Court does not have subject matter jurisdiction. Defendants' Motion to Dismiss, ECF No. 25, is **GRANTED**. Plaintiff's First Amended Complaint, ECF No. 21, is **DISMISSED** without prejudice.

IT IS SO ORDERED.

DATED this 3rd day of March 2026.

                                                              __s/Michael J. McShane__
                                                                   Michael McShane
                                                      United States District Judge