IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

MEDFORD LLC,

          Plaintiff,

      v.

U.S. BANK, N.A. and NATHAN F. SMITH,

          Defendants.

Case No. 1:24-cv-02021-MC

OPINION and ORDER

MCSHANE, Judge:

This Court previously dismissed Plaintiff's claims for lack of standing. Plaintiff now moves for relief under Federal Rule of Civil Procedure 60(b)(1) and asks to file a Second Amended Complaint.[1] Because Plaintiff has not identified a mistake in the Court's standing analysis, Plaintiff's Motion for Relief, ECF No. 43, is **DENIED**.

## **BACKGROUND**

The parties and the court are familiar with the facts as previously outlined in the litigation of the case. *See* Dec. 22, 2025, Op. & Order (denying Plaintiff's Motion for Temporary Restraining Order), ECF No. 29; *see also* Feb. 10, 2026, Op. & Order (denying Plaintiff's Motion for Relief from ECF No. 29), ECF No. 40; Mar. 3, 2026, Op. & Order (granting Defendants' Motion to Dismiss for lack of standing), ECF No. 41.

---

[1] The Court understands Plaintiff's Motion to allege a judicial error of law or fact such that it falls within the purview of Rule 60(b)(1). Accordingly, Plaintiff is not entitled to relief under Rule 60(b)(6). *Kemp v. United States*, 596 U.S. 528, 533 (2022) (clarifying Rule 60(b)(6) is only available "when Rules 60(b)(1) through (b)(5) are inapplicable.").

1 – Opinion & Order

## **LEGAL STANDARD**

A motion for relief under Federal Rule of Civil Procedure 60(b) is an "'extraordinary remedy' . . . 'not [to] be granted, absent highly unusual circumstances.'" *Novalpina Cap. Partners I GP S.A.R.L. v. Read*, 149 F.4th 1092, 1104 (9th Cir. 2025) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)). Rule 60(b)(1) allows courts to relieve litigants from a final judgment in the event of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). To succeed on a Rule 60(b)(1) motion, a "plaintiff must show that the district court committed a specific error." *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989).

## **DISCUSSION**

Plaintiff has not shown that this Court committed a specific error. Plaintiff's Motion attempts to cure the Article III standing defect that the Court previously identified. *See* Mar. 3, 2026, Op. & Order. But Plaintiff's argument misunderstands the Court's previous decision.

In its previous Order, the Court held that Plaintiff lacked standing because Plaintiff could not show traceability. *Id.* 3–4; *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (a plaintiff's injury must be fairly traceable to the defendant's challenged conduct). Plaintiff could not show traceability because Plaintiff was the "architect of [its] own injuries." Mar. 3, 2026, Op. & Order 3–4. Plaintiff cannot establish that Defendants' challenged conduct caused its injuries because (1) Plaintiff obtained the property via quitclaim deed after the Owens' mortgage had been in default for a year and (2) Plaintiff does not "dispute that it purchased the property subject to all existing liens and without assuming the burden of the defaulted loan." *Id.* 4.

While Plaintiff's instant Motion and proposed Second Amended Complaint purport to establish standing, they do not address traceability. Instead, Plaintiff simply buttresses the "injury" element required for Article III standing: "[the Second Amended Complaint] attempts to

2 – Opinion & Order

cure [the] defect by alleging a direct property deprivation." Pl.'s Mot. Relief ¶ 13, ECF No. 43. Because Plaintiff once again speaks only to injury and not traceability, Plaintiff does not allege a mistake in the Court's analysis. Absent that, Plaintiff still lacks standing and this Court is without subject matter jurisdiction.

## CONCLUSION

Because this Court does not have jurisdiction, Plaintiff's Motion for Relief under Federal Rule of Civil Procedure 60(b)(1), ECF No. 43, is **DENIED**.

IT IS SO ORDERED.

DATED this 15th day of April 2026.

_____/s/ Michael McShane_____
Michael McShane
United States District Judge